**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CASH JEROME FERGUSON-CASSIDY, | No. 15-56573 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06768-SVW-JPR |
| v. | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; JACOB MAYNARD, Police Officer II, LAPD Serial No. 34820, in his official capacity and in his individual capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 14, 2017
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EATON,** Judge.

Cash Jerome Ferguson-Cassidy appeals a judgment in favor of the

defendants in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

§ 1291 and affirm.

1.   Ferguson-Cassidy argues that the district court erred with respect to a jury instruction concerning the use of excessive force and another relating to his burden of proof.  Because Ferguson-Cassidy failed to object to these instructions at the time they were given, we review for plain error.  *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011).  The district court has "substantial latitude" in tailoring jury instructions, *see Mockler v. Multnomah Cty.*, 140 F.3d 808, 812 (9th Cir. 1998), and its instructions were, far from being clearly erroneous, correct statements of the law.

2.   We review for abuse of discretion the district court's decision to exclude evidence of the Board of Police Commissioners' report on Officer Jacob Maynard's use of force.  *See Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008).  The district court excluded this report due to concern that it would confuse the jury and divert the jury's attention away from the evidence presented at trial regarding Maynard's use of force.  The court's ruling was not an abuse of discretion, particularly because Ferguson-Cassidy's counsel was in no way restricted from introducing any evidence relevant to the shooting and the court also excluded two other reports with contrary conclusions.

3.   Ferguson-Cassidy also argues that the jury's verdict should be overturned because Maynard's use of force was objectively unreasonable.  "A

jury's verdict must be upheld if it is supported by substantial evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) (citation omitted). Here, a reasonable jury crediting as true Maynard's testimony could have concluded that Maynard's use of force was an objectively reasonable response to an immediate threat to his own safety. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (describing the factors to be considered in light of the totality of the circumstances). Whatever inconsistencies there may have been in Maynard's testimony, "[i]t was within the province of the jury to resolve[.]" *United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002).

4. Ferguson-Cassidy also challenges the district court's denial of his motion for a new trial. We review this ruling for abuse of discretion. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). Here, the district court properly denied the motion for a new trial because there was no showing that "the verdict [was] contrary to the clear weight of the evidence, [was] based upon false or perjurious evidence, or [that there was] a miscarriage of justice." *Id.* at 729 (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)).

5. Finally, we review for abuse of discretion a district court's denial of a motion for leave to file an amended complaint. *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014). Here, in light of Ferguson-Cassidy's extreme

delay in seeking leave to amend, the district court did not err in denying his request to add new defendants and claims on the eve of trial.

**AFFIRMED.**